## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**STANFORD MORGAN,**

      **Petitioner,**

-vs-                                                          **Case No.  5:11-CV-662-Oc-27PRL**

**SECRETARY, DEPARTMENT**
**OF CORRECTIONS, et al.,**

      **Respondents.**
_____/

### ORDER

Petitioner is a State of Florida inmate serving a six year sentence. His Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Dkt. 6) challenges his underlying 2010 conviction for racketeering.  Respondents filed a response to the amended petition (Dkt. 13), and Petitioner filed a reply (Dkt. 14).

The matter is now before the Court for consideration on the merits of Petitioner's claims. An evidentiary hearing is not required for the disposition of this matter.  Rules Governing Section 2254 Cases 8(a).

### Procedural History

Petitioner was charged with one count of racketeering (count one), one count of conspiracy to commit racketeering (count two), five counts of grand theft first degree (counts three, six, nine, eleven, and thirteen), and eight counts of grand theft second degree (counts four, five, seven, eight, ten, twelve, fourteen, and fifteen).  *See* Petitioner's App. A.[1]    Petitioner entered into a plea

_____

[1]All exhibits attached to Petitioner's Amended Petition shall be referred to as "Petitioner's App."  All exhibits filed by Respondents are located at Dkt. 33, 34, and 35, and shall be referred to by the docket entry.

agreement in which he agreed to enter a plea of guilty to racketeering (count one). *See* Petitioner's

App. J. The trial court held a hearing on the plea and accepted it. *See* Petitioner's App. K. The trial

court then adjudicated him guilty and sentenced him on February 3, 2010, to imprisonment for a term

of six years (followed by probation for a term of twenty years). *See* Petitioner's App. C. The

remaining counts were dismissed. *See* Dkt. 33 at 277. Petitioner did not file a direct appeal.

Petitioner subsequently filed a motion for postconviction relief pursuant to Florida Rule of

Criminal Procedure 3.850, which the trial court denied on December 14, 2010. *See* Petitioner's App.

D. The state appellate court affirmed the denial *per curiam* on August 2, 2011. *See* Petitioner's

App. L.[2]

### The AEDPA Standard of Review

Petitioner timely filed the Amended Petition, pursuant to 28 U.S.C. § 2244(d), raising three

grounds for relief. His petition is governed by the Antiterrorism and Effective Death Penalty Act

("AEDPA") effective April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Section 104

of the AEDPA amended 28 U.S.C. § 2254 by adding the following provision:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in the State court proceeding.

---

[2]Petitioner also filed a petition for writ of habeas corpus, which the trial court treated as a motion for postconviction relief and denied.

2

Section 2254, as amended by the AEDPA, establishes a highly deferential standard for reviewing state court judgments. *Parker v. Secretary, Dep't of Corr.*, 331 F.3d 764 (11ᵗʰ Cir. 2003) (citing *Robinson v. Moore*, 300 F.3d 1320, 1342 (11ᵗʰ Cir. 2002)).

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  Section 2254(d)(1) refers to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.  This language requires an examination of the state court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398–1401 (2011).  In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." *Robinson*, 300 F.3d at 1342.  The federal court will presume the correctness of state court findings of fact, unless the petitioner is able to rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).  When measured against the AEDPA standard, it is clear that Petitioner's petition is due to be denied.

### Standard of Review for Ineffective Assistance of Counsel Claim

Petitioner claims that his trial counsel was incompetent and performed substantially below the standard guaranteed by the Sixth Amendment and that he was prejudiced as a result.

In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance.  The first prong of the *Strickland* test requires that the

3

defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id.* at 687.[3] A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90. As both prongs of the *Strickland* test must be satisfied to establish a constitutional violation, the failure to satisfy either prong requires that an ineffective assistance claim be denied. *Id.* at 700.

Further, "a defendant's knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings." *Duhart v. United States*, 556 F. App'x 897, 898 (11th Cir. 2014). However, "a defendant can still maintain an attack on the voluntary and knowing nature of the guilty plea itself. Such an attack can be based upon ineffective assistance of counsel claims that go to the knowing and voluntary nature of the plea." *Id.*

**Discussion**

**Ground One**

Petitioner argues that trial counsel was ineffective for failing to argue that his prosecution was barred by the statute of limitations and for advising him to enter a plea under the circumstances. This claim was raised in Petitioner's motion for postconviction relief and denied, the state trial cout finding that there was no statute of limitations violation.

The information in this case was filed on September 3, 2008. It alleged that the racketeering activities occurred between June 18, 2003, and March 19, 2004. *See* Dkt. 33 at 73. It also alleged

---

[3] In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

that Petitioner "was continuously absent from the State of Florida or had no ascertainable place of abode of work therein for purposes of Sec. 775.15(5), Florida Statutes" from October 16, 2007, through September 3, 2008. *Id.* at 112. Petitioner acknowledged that he was incarcerated in the State of Washington from October 16, 2007, through June 19, 2009.[4] *Id.* at 350-51; Dkt. 34 at 159.

Petitioner argues that the applicable statute of limitations is found in section 895.05(10), Florida Statutes and that it expired on March 19, 2009 (5 years after the racketeering activities ended). *See* Dkt. 6 at 48. According to Petitioner, his arrest on June 19, 2009, was "92 days beyond [the] Racketeering's expiration date of its limitation period of March 19, 2009." *Id.* He argues that trial counsel was ineffective for failing to raise this matter with the trial court.

The trial court found that the statute of limitations was tolled during Petitioner's incarceration in the State of Washington and that, therefore, the statute of limitations expired on November 23, 2009. *Id.* at 82. Consequently, the trial court found that counsel acted reasonably with regard to this matter. *Id.* at 80.

Respondents argue that the applicable statute of limitations is in section 775.15(2)(a). Racketeering is a first degree felony. Under section 775.15(2)(a), Florida Statutes, a prosecution for a felony of the first degree "must be commenced" within four years after it is committed. Section 775.15(5) provides, however, that "[t]he period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state." In addition, section 775.15(5) "shall not be construed to limit the prosecution of a defendant who has been timely charged by indictment or information or other charging document and who has not been arrested due to his or her absence from this state or has not been extradited for prosecution from another state."

---

[4]Petitioner was arrested on June 19, 2009, in conjunction with the underlying criminal case that is the subject of this federal habeas petition. *Id.* at 119.

The State established, and Petitioner acknowledged that, he was in custody in the State of Washington and remained continuously absent from the State of Florida until his arrest. He was in out-of-state custody from October 16, 2007, through June 19, 2009.

As noted, section 775.15(5) does not limit the prosecution of a defendant who has been timely charged by information and who has not been arrested due to his absence from this state or has not been extradited for prosecution from another state. *See also State v. Paulk*, 946 So. 2d 1230, 1231 (Fla. 4th DCA 2007) ("Delay caused by a defendant's incarceration in another state is not unreasonable."). Under section 775.15(2)(a), the statute of limitations would have expired on March 19, 2008 (4 years after the racketeering activities ended). However, pursuant to section 775.15(5), the period of limitation was tolled from the date of his arrest in Washington on October 16, 2007. At that time, there was 155 days until the period of limitation expired on March 19, 2008. Under such circumstances, the statute of limitations would have expired on November 23, 2009 (155 days after Petitioner's arrest on June 19, 2009).[5] Because Petitioner was charged by information and arrested prior to November 23, 2009, Respondents argue that Petitioner's counsel did not act unreasonably in failing to raise the statute of limitations as a defense, and that there has been no showing of prejudice.

Petitioner counters that the trial court should have applied the "Racketeering" statute of limitations under chapter 895 of the Florida Statutes. *See* Dkt. 6 at 37. In count one of the information, Petitioner was charged with racketeering in violation of section 895.05(3), Florida Statutes. Chapter 895 of the Florida Statutes deals with offenses concerning racketeering and illegal debts. Section 895.05(10) provides that "[n]otwithstanding any other provision of law, a criminal or civil action or proceeding under this act *may* be commenced at any time within 5 years after the

---

[5]The actual date was Saturday, November 21, 2009. The next business day was Monday, November 23, 2009.

6

conduct in violation of a provision of this act terminates or the cause of action accrues." (Emphasis added.)  Section 895.05(10) does not contain a tolling provision similar to section 775.15(5).  As a result, Petitioner argues that the five-year period of limitation expired on March 19, 2009.

The trial court rejected this argument.  It found that the State was permitted to choose which statute was applicable in this case.  *See* Dkt. 34 at 390-91.  According to the trial court, "the State has elected to proceed in this matter on the theory that Mr. Morgan's limitations period is governed by Section 775.15, Florida Statutes . . . ."  *Id.* at 391.

The trial court relied on the decision in *State v. Picklesimer*, 606 So. 2d 473 (Fla. 4th DCA 1992).  In *Picklesimer*, the defendant was charged with racketeering, and the state appellate court applied the statute of limitations in section 775.15(2)(a).

The trial court also found that section 895.05(10) contained "permissive language." Specifically, section 895.10(5)  provided that "[n]otwithstanding any other provision of law, a criminal or civil action or proceeding under this act *may* be commenced at any time within 5 years after the conduct in violation of a provision of this act terminates or the cause of action accrues." (Emphasis added).  The trial court found that, since the language in section 895.05(10) was merely permissive, it was appropriate to apply the statute of limitations set forth in section 775.15(2)(a).

Moreover, the trial court found significant that section 895.10(5) did not contain tolling language.  In *State v. Guthrie*, 567 So. 2d 544 (Fla. 2d DCA), the state appellate court found that the tolling provision in section 775.15 did not apply to the statute of limitations for theft.  The trial court in this case noted that, in *Guthrie*, the state appellate court "considered the existence of 'tolling' language in the theft SOL to be highly significant" in reaching its conclusion.  *See* Dkt. 34 at 389.  Since section 895.05(10) did not contain tolling language, the trial court determined that it was appropriate to apply the statute of limitations in section 775.15(2)(a).

Petitioner has failed to demonstrate that the trial court would have been required to apply the statute of limitations set forth in section 895.05(10).   As discussed, the trial court rejected Petitioner's argument in the Rule 3.850 proceedings.  The charging information specifically stated the State was relying on the tolling provision in section 775.15(5).  Moreover, in *Pickleshimer*, the defendant was charged with racketeering, and the state appellate court applied the statute of limitations in section 775.15(2)(a).  Further, section 895.05(10) contained permissive language and did not contain tolling language.

Consequently, the Court finds that Petitioner's counsel did not act unreasonably by failing to present this argument to the trial court or to so advise Petitioner.  In addition, there has been no showing of prejudice.

In addition, "[a] defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir.1992). This waiver includes a claim of ineffective assistance of counsel based on a pre-plea issue:

> In his habeas petition, Hutchins alleges that his trial counsel was ineffective for failing to explicitly define and advise him of a statute of limitations defense prior to advising him to waive that defense and plead guilty. Hutchins's voluntary guilty plea, however, waived any ineffective assistance of counsel claim.

*Hutchens v. Sec'y, Dep't of Corr.*, 273 F. App'x 777, 778 (11th Cir. 2008).  Consequently, the entry of a plea waives both a substantive claim and a purported failing of counsel that occurred before acceptance of the plea.  In the present case, Petitioner does not allege that his plea was involuntary.  Moreover, the record reflects that Petitioner's plea was voluntary.  Since, Petitioner knowingly and voluntarily pled guilty to the offenses for which he was convicted, he waived any ineffective assistance of counsel claim.

8

When a state court's application of governing federal law is challenged, the decision "must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). The standard of review is "doubly deferential" when a *Strickland* claim is evaluated under the § 2254(d)(1) standard. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Here, the Court finds that Petitioner has not overcome the doubly deferential standard of review required by *Strickland* and § 2254(d) to establish that the state court's rejection of this ineffective assistance of counsel claim was objectively unreasonable.

**Grounds Two and Three**

Petitioner contends that the trial court erred by allowing the prosecution to proceed after the expiration of the statue of limitations (ground two) and that the trial court lacked subject-matter jurisdiction to convict Petitioner (ground three).

These grounds were raised in Petitioner's Rule 3.850 motion, but he did not present the grounds in terms of a deprivation of a federal constitutional right. Generally, a "federal court may not grant habeas corpus relief to a state prisoner who has not exhausted his available state remedies." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). The exhaustion of state remedies requires that petitioners "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation omitted) (quotations omitted). Hence, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66; *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (holding that "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the

9

claim."); *Snowden*, 135 F.3d at 735 (holding that "to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.").

When a petitioner fails to exhaust a claim in state court, and "it is clear from state law that any future attempts at exhaustion would be futile, that claim may be treated as being procedurally defaulted." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999). A petitioner can "escape the procedural default doctrine either through showing cause of the default and prejudice . . . or establishing a `fundamental miscarriage of justice.'" *Id.* at 1306. To overcome procedural default though a fundamental miscarriage of justice, the petitioner must make "a colorable showing of actual innocence." *Id.*

Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, grounds two and three are denied as procedurally barred.

Further, grounds two and three concern questions of state law. A state court's interpretation of state rules and procedure does not raise a federal constitutional issue, and grounds two and three are not subject to federal review. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Consequently, grounds two and three are denied on this basis as well.

ACCORDINGLY, it is **ORDERED** that:

1.      The Amended Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 6).

2.      The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on this 12 day of September, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copy to:
Petitioner *pro se*
Counsel of Record

11